IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.D. Alston, <br><br>    Plaintiff, <br><br>    v. <br><br> City of Sacramento; Sacramento City Police Department, <br><br>    Defendants. | 2:12-cv-02865-GEB-AC (PS) <br><br> ORDER DENYING PLAINTIFF'S *EX PARTE* MOTION FOR A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION |

On November 26, 2012, Plaintiff, proceeding *in propria persona*, filed an unnoticed *ex parte* motion for a temporary restraining order and a preliminary injunction ("the motion"). Specifically, Plaintiff requests that

> this Court . . . enter a Temporary Restraining Order . . . and after a hearing, a Preliminary Injunction, restraining and enjoining the Defendants, their officials, officers, agents, employees, contractors, and any other persons acting for them, with them, through or on their behalf, who have received actual notice of that Order, from violating Plaintiff's constitutional rights.

(Pl.'s Mot. for Temp. Restraining Order and Prelim. Inj. ("Pl.'s Mot."), at 2:1-5.) Plaintiff argues Defendants have intruded on "Plaintiff's rights . . . guaranteed by the constitution, specifically the Fourth and Fourteenth Amendments"; and she asks the federal court to "intervene[] and exercise jurisdiction over [a] criminal case and . . . preserve Plaintiff's liberty until there is a finding from the court"; and she seeks injunctive relief "against physical assault, harassment, bullying,

1

infringements of civil rights"; and "arresting Plaintiff and depriving her of her liberty." (Id. at 4:2-4, 21:5-12.) Plaintiff states that "[t]he grounds for this motion are set forth in the complaint and Memorandum of Law which are being filed together with this Motion and are expressly incorporated by reference herein." (Id. at 2:6-7.) However, no complaint was filed with the motion.

Nothing in Plaintiff's motion shows she has provided Defendants with notice of her request for a preliminary injunction as Federal Rule of Civil Procedure ("Rule") 65(a) requires. This rule prescribes: "[t]he court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). Therefore, Plaintiff's request for a preliminary injunction is denied.

Further, Rule 65(b) also requires Plaintiff to show sufficient justification for issuance of an unnoticed temporary restraining order. "The stringent restrictions imposed by . . . Rule 65[] on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty., 415 U.S. 423 (1974).

Rule 65(b)(1), which applies to the *ex parte* and unnoticed temporary restraining order Plaintiff seeks, states, in relevant part:

> [t]he court may issue a temporary restraining order without written or oral notice to the adverse party . . . only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant[] . . . certifies in writing any efforts made to give notice and the reasons why it should not be required.

2

1  Fed. R. Civ. P. 65(b)(1). Plaintiff has filed a declaration; however,
2  it does not contain "specific facts" "clearly show[ing] that immediate
3  and irreparable injury, loss, or damage will result to [her] before
4  [Defendants] can be heard in opposition" to her motion for a temporary
5  restraining order. Fed. R. Civ. P. 65(b)(1)(A).

6  But in light of the nature of Plaintiff's allegations against
7  Defendants, providing notice would not remedy her motion's flaws.
8  Plaintiff's allegations evince she has unduly delayed in seeking
9  injunctive relief. As prescribed in Local Rule 231(b):

> In considering a motion for a temporary restraining order, the Court will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order. Should the Court find that the applicant unduly delayed in seeking injunctive relief, the Court may conclude that the delay constitutes laches or contradicts the applicant's allegations of irreparable injury and may deny the motion solely on either ground.

E.D. Cal. L. R. 231(b). In an exhibit attached to her motion, Plaintiff describes the most recent incident involving Defendants as follows.

> [A]t Hagginwood Park on May 12, 2012, . . . as soon as [Sacramento City Police] Officer[s] . . . entered the park, they approached Plaintiff and her friend. Plaintiff was placed in the back of [a] patrol vehicle and her friend was placed in handcuffs . . . in another patrol vehicle. They were detained for about an hour for identification purposes and "curiosity." Plaintiff and her friend [were] not involved in any criminal activities.

(Pl.'s Mot., Ex. 1, ECF No. 3.) Since Plaintiff states this incident occurred over six months ago, Plaintiff has not shown that she is likely to endure "irreparable injury" absent a temporary restraining order, nor why she waited until the week of November 26, 2012 to seek an injunction against Defendants. Therefore, it is "conclude[d] that [Plaintiff] unduly delayed in seeking injunctive relief." E.D. Cal. L. R. 231(b).

Nor has Plaintiff provided sufficient justification for her request that the federal court intervene in a state criminal proceeding against her. "[T]he need for a proper balance between state and federal authority counsels restraint in the issuance of injunctions against state officers engaged in the administration of the states' criminal laws in the absence of irreparable injury which is both great and immediate." City of Los Angeles v. Lyons, 461 U.S. 95, 112 (1983).

"At a minimum, a plaintiff seeking . . . injunctive relief must demonstrate that [she] will be exposed to irreparable harm. Speculative injury does not constitute irreparable injury sufficient to warrant granting a[n] . . . injunction." Caribbean Marine Svcs. Co., Inc. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988). "Because Plaintiff[] ha[s] failed to show that [she is] likely to suffer irreparable harm in the absence of [injunctive] relief, . . . the remaining elements of the . . . injunction standard" need not be addressed. Ctr. for Food Safety v. Vilsack, 636 F.3d 1166, 1174 (9th Cir. 2011) (citation omitted) (internal quotation marks omitted).

Therefore, Plaintiff's motion for either a temporary restraining order or a preliminary injunction is denied, and the December 3, 2012 hearing date for the motion is vacated.

Dated: November 28, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

4